## FRANKLIN HAINES *v.* ADOLPHE VERRET.

Plaintiff proceeded *via executiva* on a supposed authentic act of mortgage, and procured an order of seizure and sale of the land sold by him to defendant, who had neglected to pay a balance of the price. Defendant sued out an injunction on the grounds: 1. That the act was not authentic; 2. That the fees and costs of copies were exorbitant; 3. That he was in danger of eviction. Plaintiff answered the petition in injunction, admitted that the act was not authentic, and converting his proceeding into the *via ordinaria*, prayed for judgment against the plaintiff in injunction.

*By the Court:* The effect of this answer was to reinstate the parties in their original position as plaintiff and defendant in an ordinary suit. The injunction had fulfilled its office, and the order of seizure and sale was at an end; the petition in injunction stood as the answer to the original petition for executory process, now converted into a petition for a judgment personal against the defendant, with a recognition of a mortgage on the land.

The petition in injunction contained a prayer for a trial by jury, which the District Court refused to allow. *Held:* the court did not err. The obligation to pay the plaintiff the price of the land was unconditional, and there was no affidavit denying defendant's signature, or averring that it had been obtained through fraud or error, or of want or failure of consideration.

The certificate of the Recorder was properly received in evidence. He was the obligor in the act of mortgage, and of course knew his own signature. Code, 3331.

A mortgage is binding between the parties without registry. Code, 3316.

APPEAL from the District Court, Fifth District, parish of Terrebonne, *Cole*, J. J. C. & A. *Beatty*, for plaintiff. *Bush*, for defendant and appellant.

SPOFFORD, J. (MERRICK, C. J., dissenting.) The plaintiff proceeded *via executiva* upon what he supposed to be an authentic act of mortgage, importing a confession of judgment, and procured an order for the seizure and sale of the land sold by him to the defendant, who had neglected to pay the balance of the price.

The latter sued out an injunction upon the three following grounds, verified by his affidavit:

1. That the act of mortgage was not authentic, because the term of office of the notary before whom it was passed had expired previous to the completion of the act.

2. That the fees and costs of copies were exorbitant.

3. That the defendant had just reason to fear that he would be disquieted by an action of mortgage against the land he had bought of the plaintiff, and was in imminent danger of being evicted, on account of a tacit mortgage in favor of some minors (children of plaintiff's wife by a former marriage) of whom he was co-tutor.

He therefore prayed that the plaintiff, in the order of seizure, be ruled to give him security against eviction, before he should be compelled to pay the balance of the price.

An injunction issued, and the defendant in injunction—plaintiff in the order of seizure and sale—came into court, and answering the petition in injunction, abandoned the order of seizure he had obtained, admitted that the act was not authentic for want of capacity in the notary, but converted his proceeding into the *via ordinaria*, and prayed for judgment against the defendant (plaintiff in injunction) for the sums claimed in his petition for the order of seizure and sale.

The effect of this answer was to reinstate the parties in their original position, *Haines* being plaintiff and *Verret* defendant in an ordinary action. The injunction had fulfilled its office, and the order of seizure was at an end; the petition in injunction stood as the answer to the original petition for executory process, now converted into a petition for a judgment personal against the defendant, with a recognition of the mortgage upon the land.

This is in conformity with the usual practice when the *via executiva* is abandoned for the *via ordinaria*.

And upon this view of their relative positions the parties acted upon the trial. The original plaintiff, *Haines*, introduced his evidence first, the defendant, *Verret*, (plaintiff in injunction) then adduced his, and *Haines* closed with rebutting testimony.

It becomes important thus to consider the true posture of the parties in order to determine whether the Judge erred in overruling the prayer for a trial by jury, with which the petition for an injunction closed. The jury trial was refused, after the proceedings were changed into an ordinary action.

The Judge then did not err, because the defendant did not make the necessary affidavit to entitle him to a trial by jury.

His obligation to pay the plaintiff a specific sum of money was unconditional in the sense of the 24th section of the Act of 20th March, 1839. The plaintiff's warranty against eviction from the property sold did not transform the defendant's absolute promise to pay into a contingent obligation, any more than the implied warranty that the consideration of a promissory note shall not fail converts such an instrument into a conditional obligation. In the affidavit for an injunction, there was no averment that the signature to the act sued upon was not genuine, or that the same was obtained through fraud or error, or of want or failure of consideration.

The certificate of the Recorder was properly admitted. He was the obligor in the act of mortgage himself, and of course knew his own signature. C. C., 3331. *Ellis* v. *Sims*, 2 An., 254.

It would be immaterial, however, if the certificate were rejected. The mortgage is equally binding between the contracting parties without registry. C. C., 3316.

On the merits, we concur in the opinion of the District Judge, that the defendant has failed to establish that he has just reason to fear that he shall be disquieted in his possession. He was moreover aware before his purchase of the tacit incumbrance of which he complains. C. C., 2535; *Rogers* v. *Davis*, 18 L., 52.

It is, therefore, ordered that the judgment appealed from be affirmed, with costs.

MERRICK, C. J., dissenting. Service of petition and citation are both necessary to bring a party into court. *Zacharie* v. *Blaudin,* 4 L. R., 157.

The party so served with process is defendant. In the case before us the plaintiff in injunction had a demand, according to his petition, against the defendant *independent of the demand to restrain the order of seizure and sale.* This demand conferred upon the plaintiff the right to pray for a trial by jury.

The defendant to the injunction could, if he had so chosen to do, amend his petition *via executiva*, and pray for a citation, and thus change his proceeding into one *via ordinaria.* Instead of so doing, he admits in his answer that the injunction was well taken, and avers that he changes his action into an ordinary one, and prays for judgment on his notes against the plaintiff in injunction. This, instead of bringing the plaintiff into court in any manner as a *defendant* to an original demand by way of citation, is, in my opinion, simply a changing of the executory process into an ordinary reconventional demand, and did not deprive the plaintiff in this suit of his position as plaintiff, or of his right to a trial by jury.