No. 13,625.

STATE OF LOUISIANA VS. G. R. FERGUSON, ET ALS.

SYLLABUS.

1. The "object" of a law is the aim or purpose of the enactment.

2. The "subject" of a law is the matter to which it relates and with which it deals.

3. An act of the General Assembly must be restricted to one object and this must be expressed in its title.

4. Where the title of an act actually indicates, and the act itself actually embraces two distinct objects, the whole of the act is void as contravening the constitutional inhibition.

5. This necessarily results from the manifest impossibility of choosing between the two, and holding the act valid as to one and void as to the other.

A PPEAL from the Twefth Judicial District, Parish of Vernon— *Lee, J.*

*Walter Guion,* Attorney General, and *Amos L. Ponder,* District Attorney, (*Lewis Guion,* of Counsel,) for Plaintiff, Appellant.

*James R. Monk,* (*Holbert & Barret* and *W. C. Perry,* of Counsel), for Defendants, Appellees.

The opinion of the court was delivered by

BLANCHARD, J. Defendants were indicted for unlawfully issuing tickets and checks redeemable only in goods and merchandise at their place of business, and not redeemable in United States currency.

They were, respectively, general manager and check clerk of the Nona Mills Company, Limited, a corporation organized under the laws of the State.

The statute upon which the indictment in predicated is Act No. 71 of 1894, the title of which is:— .

"To encourage the freedom of trade and to forbid the issuance by merchants or corporations of tickets redeemable only in goods at their own place of business."

The first section of the act declares:—

"That hereafter it shall be unlawful for any person, corporation or

firm in this State to issue tickets or checks redeemable only in goods at their own place of business. But all such tickets shall be redeemable in United States currency, and any contract or agreement to take and receive such tickets redeemable only in goods shall be null as against public policy."

The second section declares:—

"That any person, or officers of any corporation or firm issuing such tickets shall be guilty of a misdemeanor, punishable by fine not more than one hundred nor less than twenty-five dollars, or imprisonment at not more than six months and not less than one month, one-half of said fine to go to the benefit of the informer."

The accused appeared by counsel and moved to quash the indictment on the ground of the unconstitutionality of the act.

They averred its unconstitutionality in these particulars, to-wit:—

1. That the title of the act expresses and sets forth two or more separate and distinct objects; that the object of the act is not set forth in its title; and that the subject of the second section of the act is not mentioned or referred to at all in its title. In these respects it is claimed the act violates Article 29 of the Constitution of 1879 and Article 31 of the Constitution of 1898.

2. That the act is an attempt to regulate labor and trade, and in this respect violates Article 46 of the Constitution of 1879 and Article 48 of the present Constitution.

3. That the act restrains and abridges the freedom of contract, denies the equal protection of the laws to the persons aimed at, and thus deprives the citizen of his liberty and property without due process of law. In these respects it is asserted it violates Article 2 of the Constitution of 1898 and the Fourteenth Amendment to the Constitution of the United States.

The judge *a quo* held the motion to quash good, sustained the plea of unconstitutionality and set aside the indictment.

The State prosecutes this appeal.

Article 29 of the Constitution of 1879 and Article 31 of the present Constitution are identical. The language is:—

"Every law enacted by the General Assembly shall embrace but one object and that shall be expressed in the title."

The "object" of a law is the aim or purpose of the enactment. Board of Medical Examiners vs. Fowler, 50 Ann. 1367.

The "subject" of a law is the matter to which it relates and with which it deals. *Ib;* People vs. Lawrence, 36 Barb. 192.

The General Assembly, in 1894, took cognizance of the practice which had grown up, of merchants and corporations issuing tickets or checks redeemable only in merchandise at their place of business. It was considered to be against public policy to permit this, and so Act No. 71 of 1894 was enacted.

The *subject-matter,* then, with which this law deals is:—tickets redeemable only in goods at the place of business of merchants and corporations making use of same, and the practice of issuing such tickets indulged in by merchants and corporations.

All will agree as to this—State and defense alike.

But, when it comes to the *object* of the act, a divergence of view appears.

The State's position is that its only object is to forbid the issuance of tickets which come under the ban of the act, and that the purpose of this is to encourage freedom of trade.

The position of the defense is the act discloses several distinct objects, among them one to forbid the issuance of tickets and checks, such as those described; another, to make such tickets, if issued, redeemable in United States currency; a third, to declare against public policy and void all contracts or agreements to issue and receive tickets or checks redeemable only in goods at the place of business of the persons, corporations or firms issuing the same.

On this branch of the case, the conclusion we have reached is that the title to this act actually indicates, and the act itself actually embraces, two or more distinct objects.

Thus, the title declares the law to be "an act to encourage the freedom of trade *and* to forbid the issuance by merchants or corporations of tickets redeemable only in goods at their place of business."

Now, when we examine the body of the act we find the first part of the first section to forbid issuance of tickets redeemable only in goods by declaring the same to be unlawful, and we find all of the second section to be devoted to making this declaration effective by prescribing penalties against those who issue tickets redeemable only in goods.

So, here is *one* complete object of the law mentioned in the title and carried out in the body of the act.

Then we find, in the concluding part of the first section of the act,

that which evidently was intended to foster the freedom of trade by declaring that any contract or agreement to take and receive tickets redeemable only in goods shall be null as against public policy, and that all "such" tickets (meaning tickets issued redeemable only in goods) shall be redeemable in United States currency.

So, here is *another* complete object of the law indicated in the title and carried out in the body of the act.

To forbid the issuance of the tickets described in the law, is one purpose and aim of the statute; to make all such tickets that may be issued *anyhow*—notwithstanding the law—redeemable in United States currency, is *another* purpose and aim of the statute.

The title of the act is not "to encourage the freedom of trade" *by* forbidding the issuance of tickets, etc.; but "to encourage the freedom of trade *and* to forbid the issuance of tickets, etc." See Moore vs. Police Jury, 32 La. Ann. 1015.

Therefore, the words "to encourage the freedom of trade" must relate to something in the body of the act other than that which prohibits the issuing of tickets "redeemable only in goods."

The clauses in the body of the act relating to the latter are covered by that portion of the title which follow the words "to encourage the freedom of trade."

Now, that "something" in the body of the act (other than prohibiting the issuance of tickets) to which the words "to encourage the freedom of trade" must necessarily apply is the part declaring null as against public policy any contract or agreement to take and receive tickets "redeemable only in goods" and decreeing that all "such" tickets shall be redeemable in current money.

Whether the clause that "all such tickets shall be redeemable in United States currency," is an enforceable provision of the law is foreign to this discussion and to the determination of the question here at issue.

It is enough to know that it is one of the declared objects of the act, indicated by the title and set forth in the body of the law.

We are constrained to hold, therefore, that the act is obnoxious to the constitutional mandate that every law enacted should embrace but *one* object and that must be expressed in its title.

Moore vs. Police Jury, 32 La. Ann. 1015; State vs. Harrison, 11 La. Ann. 722.

It is true, the courts (our own included) and the text writers have long since settled that where a part of a statute is constitutional and a part unconstitutional, it is permissible to separate the good from the bad, the "chaff from the wheat," the constitutional from the unconstitutional, and uphold and enforce the valid portion (if complete in itself, independent of that which is rejected and capable of being executed) while declaring void the invalid portion.

And if this were an act whose title expressed only one object while the body of the act set forth two objects—where the act is merely broader than its title—it would be incumbent on the court to restrict its declaration of the nullity of the law to that object of the act, that part of the law, *not indicated in the title*. "But," says Judge Cooley in his work on Constitutional Limitations, p. 180 (* 148), "if the title to the act actually indicates, and the act itself actually embraces, two distinct objects, when the Constitution says it should embrace but one, the whole act must be treated as void, from the manifest impossibility in the court choosing between the two, and holding the act void as to one and valid as to the other."

This doctrine was expressly sustained in 32 La. Ann. 1015, and 11 La. Ann. 722, cited *supra*.

Another objection urged against the constitutionality of the act under consideration is that its title limits the operation of the law to "merchants or corporations," by naming only such, while the body of the act broadens it so as to embrace "any person, corporation or firm," and declares amenable to the penalties of the act "any person, or officers of any corporation or firm."

There can be no doubt that the title of the act governs in this respect and the law, on this ground, is unconstitutional as to all persons not embraced within the designation of "merchants or corporations." State *ex rel.* Lewis vs. Judge, 44 La. Ann. 90.

The title of an act defines its scope; it can contain no valid provision beyond the range of the object there stated.

Sutherland on Statutory Construction, Section 102.

Another objection urged is that the title of the acts forbids the issuance only of tickets, while the body of the law makes unlawful the issuance of tickets *or checks*.

There is little or no force in this contention. "Tickets" may well

cover and include "checks." They mean, as here used, the same thing. A check is a "ticket" in the sense of the statute.

Another objection is that the second section of the act makes the issuance of tickets in violation of the act a misdemeanor and prescribes penalties therefor, while the title of the act is altogether silent as to the penal character of the law.

The contention is that to read the title of the act one would not assume it to be a criminal statute, since the title gives no indication that a new crime was being created.

There is cited, with some force and appositeness, in support of this, State vs. Baum, 33 La. Ann. 981. We prefer, however, to rest our conclusion as to the unconstitutionality of the statute on other grounds.

And we also reserve opinion on other questions raised by the defense in the case, other objections hurled at the constitutionality of the act.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.

The CHIEF JUSTICE and BREAUX, J., concur in the decree.