BRUNOT, Justice.
 

 .This is a mandamus proceeding against the respondents, to enforce the transfer, by them, for the State of Louisiana, to the Atchafalaya Basin Levee District, of certain lands, which relator alleges were adjudicated to the state in 1895, in the name of W. S. Lovell.
 

 Section 11 of Act No. 97 of 1890 makes it the duty of the register of the land office and the state auditor, on the application of the levee board, to transfer to the levee district represented by said board “all lands belonging to or hereafter owned by the State within the limits of said District.”
 

 The records of the land office and of the state auditor do not show that any application for a transfer of the lands involved in this proceeding has ever been made by the Board of Commissioners of the Atchafalaya Basin Levee District, but, in 1901, certain lands, which are described in relator’s petition, some of said described lands which do not appear to have ever been adjudicated to the state, were sold
 
 *1031
 
 by the Atchafalaya Basin Levee District to Wisner & Dresser.' Edward Wisner sold the property described in relator’s petition to James W. Martin. Martin sold it to the Caillon Manufacturing Company. The Houma Bank acquired it by purchase at a foreclosure sale thereof, and sold it to Andrew Fitzpatrick and William Vizard.
 

 The respondents plead the exception of nonjoinder of parties defendant, and the exception of no cause of action. The exception of nonjoinder is based upon the contention that the suit is “one for the reformation of instruments, which could not be heard until all interested parties had been cited.” The exception of no cause of action is based upon the contention “that mandamus could not issue to try complicated issues of fact.”
 

 The exceptions were referred to the merits, answer was filed, and the case was tried. There was judgment for the defendants, rejecting the relator’s demand and dismissing the suit at relator’s cost. The appeal is from that judgment.
 

 The relator is seeking to have lands transferred to the Atchafalaya Basin Levee District that were never adjudicated to the state, and he is endeavoring to accomplish this end by a reformation of his chain of title, without making the owner of the lands of which it is sought to divest him, a party to the suit. It is apparent that the respondents have no ministerial duty to perform in the premises. Aside from what has just been said, Act No. 237 of 1924 repeals the tax land transfer provisions of section 11 of Act No. 97 of 1890. The repealing clause of Act No. 237 of 1924 is as follows:
 

 “Section 10. All laws or parts of laws, general or special, inconsistent with or contrary with this Act are hereby repealed.”
 

 This proceeding was filed July 8, 1936, twelve years after the passage of Act No. 237 of 1924, throughout which time the state officials sought to be mandamused, and the Atchafalaya Basin Levee District, ■have acted in accordance with the letter of its provisions, thus giving the act the force of contemporaneous interpretation.
 

 For the reasons stated the judgment appealed from is affirmed, at appellant’s cost.
 

 O’NIELL, C. J., and ROGERS, J., concur in the decree.
 

 ODOM, J., dissents.