## LOVELL et al. v. DULAC CYPRESS CO., Limited, et al.

### No. 1188.

District Court, E. D. Louisiana.

Feb. 29, 1940.

David Gertler, of New Orleans, La., for plaintiffs.

Milling, Godchaux, Saal & Milling, and R. C. Milling, all of New Orleans, La., for defendants.

BORAH, District Judge.

This case was tried by the Court without the intervention of a jury and was submitted for decision on the following agreed findings of fact:

I. F. H. Quitman and J. A. Quitman were granted patent No. 2615 by the State of Louisiana covering the E.½ of the E.½ of Section 73, Township 19 South, Range 17 East.

II. F. H. Quitman acquired title to the above described property in a partition suit entitled "F. Henry Quitman et al vs. Mrs. Eliza Quitman et al." No. 2096 of the docket of the Fifth Judicial District Court.

III. William S. Lovell, the ancestor of plaintiffs, acquired title to the lands in question, by adjudication of Oscar Daspit, Deputy Collector of the State of Louisiana, for the Parish of Terrebonne, for the unpaid taxes due to the State of Louisiana on the property, more fully shown by the sheriff's deed dated April 30, 1883, recorded in C. O. B. HH, folio 526.

IV. On June 8, 1895 the property in question, as above described, was adjudicated to the State of Louisiana for unpaid taxes thereon, recorded in C. O. B. PP, folio 434, et seq.

V. By Act No. 97 of 1890 the Louisiana Legislature created the Board of Commissioners for the Atchafalaya Basin Levee District, and granted to said Board all the lands in said District then belonging to the State of Louisiana, or as to which the State might thereafter become owner by or through tax sales, it being provided that conveyances should be made to the Board "by proper instruments of conveyance" after the period of redemption shall have expired, by the Auditor and the Register of the State Land Office on behalf of and in the name of the State, upon request of the Board or its president, the president to cause said conveyance to be properly recorded in the recorder's office of the parish where the land was situated.

VI. At the time of the execution of the tax sale to the State dated June 8, 1895 and referred to in Article IV hereof, the Auditor was vested with jurisdiction over tax lands; he maintained in his office books wherein he entered as a permanent record the description, date and other essential facts concerning adjudications of lands at tax sales to the State of Louisiana, which record contained a column under the heading "Remarks and Date of Redemption" in which was entered the disposition subsequently made of the lands by the State. It was customary for the Auditor's office to enter in this column the fact of the redemption of the lands, if and when redeemed, or if a conveyance was executed to a levee board subsequent to the date of redemption reference thereto was entered in this column. There appears in this record, opposite the entry having reference to the adjudication to the State referred to in Article IV hereof and under the heading "Remarks and Date of Redemption", the words "Atchafalaya Basin Levee District Fund".

VII. The Auditor's records, referred to in the above and foregoing Article VI, including the record in which the entries therein referred to were made, were subsequently filed with the Register of the State Land Office and became part of the records of that office. Mr. W. B. Seymour, in the State Auditor's office and who has been connected with that office since August 1, 1904, and Mr. Carl Campbell, Chief Clerk of the State Land Office and who has been connected with that office since January 1, 1920, stated that they have been familiar with these records since the dates that they became connected with their respective offices and it was their understanding that the entries made by the previous officials, including the entry "Atchafalaya Basin Levee District Fund" (appearing under "Remarks and Date of Redemption" opposite the entry concerning the adjudication referred to in Article IV hereof), meant that the lands therein described had been transferred to the Atchafalaya Basin Levee District.

VIII. In January of 1900 one E. J. Engman of Terrebonne Parish wrote the Board of Commissioners for the Atchafalaya Basin Levee District inquiring as to what lands that district owned in the Parish of Terrebonne. The Board referred the letter to the Register of the State Land Office; Mr. Lanier, who had been named by the Board as its agent for the disposition of its lands, mailed Mr. Engman a list of the Levee Board lands in the Parish of Terrebonne which included the E.½ of the E.½ of Section 73 of T. 19 S. R. 17 E., and Mr. Engman forwarded to Mr. Lanier the money required to purchase these lands in his wife's name. Mr. Lanier wrote Mr. Engman acknowledging receipt of the money and advising that he had placed it to Mrs. Engman's credit. The Board subsequently adopted a resolution authorizing the execution of convey-

ances covering all lands sold prior to July 9, 1900 and on November 5, 1900 the Board executed an instrument conveying to Mrs. Engman "all of the rights, titles and privileges acquired by said Board from the State of Louisiana by Act 97 of the Legislature at its regular session in the year 1890", in and to the E.½ of the E.½ of Section 73, T. 19 S. R. 17 E., "which said lands were transferred to this Board under the authority hereinbefore mentioned and the Board of Commissioners by this present act does transfer and quit-claim unto the said Mrs. Zenobia L. Engman all of its title thus acquired".

IX. The original instrument executed by the Board was not actually recorded until June 16, 1914; it shows an endorsement on its back (partially erased) of an entry to the effect that it was recorded in 1900. The books of the Clerk of Court do not show that the instrument was recorded at that time. This endorsement was signed by the then Deputy Clerk whose signature had been erased; the signature of the recording officer now appearing on the instrument being that of E. C. Wurzlow, who was Clerk in 1914 and Deputy Clerk in 1900.

X. On February 19, 1912 there was placed of record in Terrebonne Parish an instrument signed by Fred J. Grace, Register of the State Land Office, wherein he declared, "I * * * do hereby certify that the records of the State Land Office show that the following described lands which were sold to the State of Louisiana for the years enumerated, or assessments in the names of the parties stated, have been transferred to the Atchafalaya Basin Levee Board under the provisions of" Act No. 97 of 1890; the description of the lands including the lands herein in dispute. This is the only instrument affecting this land signed by either the register or auditor which could be found in the records of the register, the auditor, the Levee Board or the Clerk of Court of Terrebonne Parish.

XI. On October 18, 1904, Mrs. Zenobia L. Engman transferred all her right, title and interest in the land to the J. M. Burguières Company, Ltd., and on June 26, 1914 that company transferred the hereinabove described property to Dulac Cypress Company, Ltd., by deed registered in C. O. B. 63, folio 333.

XII. On or about 1903 or 1904, Mrs. Engman, through her lessees, went into the actual physical possession of the property in dispute. The possession has been continuous in her and her vendees in title, and the Dulac Cypress Co., Ltd., is, at this time, in actual possession of the property.

XIII. The State took no action subsequent to the adoption of said Act No. 237 of 1924 to dispossess the Dulac Cypress Company of the property in dispute. Said company continued in possession and the property was assessed therefor by specific description for the years 1927 to 1938, and paid all taxes.

XIV. On January 12, 1938 plaintiffs exercised the right of redemption and redeemed the property in question from the State of Louisiana as shown by redemption No. M–543, executed by Lucille May Grace, Register of the State Land Office, recorded in Book 117, folio 117, et seq. Parish of Terrebonne. As a prerequisite to this redemption, plaintiffs paid such taxes as had not theretofore been paid by the defendants upon the land in dispute, secured a certificate from the tax collector that all taxes had been paid (which included the taxes paid by defendants) and filed this with the Register of the State Land Office.

XV. Act No. 97 of 1890 authorized the issuance by the Board of Commissioners for the Atchafalaya Basin Levee District of $1,000,000 of bonds declaring that said bonds should bear the endorsement "this bond, principal and interest, secured by taxation and by the sale of public and State lands" and that the Board should collect the taxes provided for in the act and should collect and apply "such other revenues as may be necessary to pay in full the principal and interest" on the bonds and that "the authority herein granted to said Board to provide for the payment of the principal and interest of said bonds shall be irrepealable, and shall continue in force until such bonds shall all have been paid, and this provision shall be declared a contract in favor of the holder or holders of said bonds". That the Board did in fact issue and sell said bonds. By Act No. 14 of 1898 the Legislature authorized the refunding of these bonds, the statute providing that "the several acts of the General Assembly providing for the creation and government of said Levee Districts and their authority or power to levy and collect taxes and local contributions and to issue bonds shall not be repealed or modified to the detriment of the bonds authorized by this Act; and this obligation not to repeal or modify said acts is declared to be

binding on the State and to be part of the contract of said bonds." In pursuance of this authority the Board issued refunding bonds, some of which are presently outstanding. By Act No. 138 of 1916 the Legislature authorized the issuance of an additional $1,000,000 of bonds to bear an inscription similar to the bonds issued under Act No. 97 of 1890, which statute contained a provision identical to Section 16 of said Act No. 97 of 1890. Bonds were issued in accordance therewith and are outstanding. By Act No. 128 of 1928 additional bonds were authorized and issued under provisions and conditions similar to the ones under which bonds theretofore had been issued; all such bonds are now outstanding.

XVI. The defendants herein, Dulac Cypress Company, Ltd., and J. M. Burguieres Company, Ltd., did not remove any timber whatsoever from the property herein involved since January 12, 1938, the date of the redemption of the property herein involved by the plaintiffs from the State of Louisiana.

The Court adopts the above agreed statement of facts as its special findings of fact and now states its conclusions of law:

I. Under Louisiana Act No. 97 of 1890, creating the Atchafalaya Basin Levee District, it was necessary that there be an actual conveyance of the lands mentioned in the Act, by the Auditor or the Register of the State Land Office of the State of Louisiana to the Board of Levee Commissioners, and that the act of conveyance be properly recorded before the Atchafalaya Basin Levee District could legally acquire title to the lands in question. State ex rel. Andrew J. Fitzpatrick v. Lucille May Grace, Register for the Land Office, 187 La. 1028, 175 So. 656.

II. The evidence introduced is not sufficient to establish the fact that title was properly transferred by the State to the Atchafalaya Basin Levee District. It cannot be assumed that the proper acts were executed.

III. There being no evidence in the record that a conveyance of the lands in question had been executed and recorded, the title to the lands, therefore, remained in the State of Louisiana.

IV. Act No. 237 of 1924 repealed that part of Act No. 97 of 1890 creating the right of the Levee Board to demand and secure title to the lands in dispute.

V. Plaintiffs, having proved a title deraigning from the State by patent, and having reacquired from the State by redemption, must now be recognized as the owners of the property in question, with clear legal title thereto.

VI. The State having absolute title to the property in question during the time that the defendants and their predecessors had possession thereof, the defendants' pleas of prescription of 10 and 30 years cannot be maintained, for prescription does not run against the State.

VII. Act No. 62 of 1912 applies to matters involving attacks on patents issued by a governmental agency; there being no patent at issue in this case, the prescription of 6 years provided for in the statute, and pleaded by defendants, cannot be maintained.

VIII. This decision does not operate as an impairment of the contracts of any of the parties mentioned in this litigation, for all of the parties merely acquired only such rights as were created and limited by Act No. 97 of 1890.

IX. The fact that the defendants and their predecessors were in error as to their ownership of the property does not justify the application of the principle of estoppel and the plea of estoppel urged by defendants cannot be maintained.

X. Since the State had absolute title to the property before plaintiffs exercised their right of redemption, the plaintiffs cannot recover damages for the timber removed during the period in which ownership was in the State.

XI. No timber having been removed from the property involved herein since January 12, 1938, plaintiff is not entitled to the recovery of damages.

XII. Petitioners William S. Lovell, Rosalie Duncan Lovell and Douglas Gordon Lovell are entitled to judgment against the Dulac Cypress Company, Ltd., recognizing the aforementioned petitioners as the true and lawful owners of the real estate herein involved, and as such entitled to the full and undisputed possession thereof, and ordering said Dulac Cypress Company, Ltd., to deliver possession of the said property to petitioners.

XIII. Petitioners' demand for the damages sought to be recovered by them in this cause is denied.

XIV. Petitioners are entitled to judgment in their favor, and against the defend-

923

ants J. M. Burguieres Company, Ltd., and Dulac Cypress Company, Ltd., for all costs of this suit.

The Clerk is directed to enter judgment accordingly.