ODOM, Justice.
 

 The Gulf and Bayou Cook Oyster Company, Ltd., a Louisiana corporation, now in the hands of receivers, acquired 840.96 acres of land on May 17, 1890, the land being in the Parish of Plaquemines. The ownership of the land passed from the corporation to others later, but was reacquired by it on June 20, 1900. On June 19, 1915, the property was adjudicated to the State of Louisiana for the unpaid taxes for the year 1914. No attempt was made by the corporation to redeem the property until December 27, 1938. On that date the receivers of the corporation, for the purpose of redeeming the property, paid to the sheriff and ex officio tax collector for the Parish of Plaquemines the sum of $6.55, that being the amount of the parish taxes for the year 1914, and on December 28,' 1938, the receivers made legal tender in the sum of $27.36, the amount for which the land was forfeited to the state, to A. P. Tugwell, State Treasurer, and Lucille May Grace, Register of the State Land Office, and requested a certificate of redemption. The officers refused to accept the tender and to issue a certificate of redemption for the reason that on September 9, 1938, they had conveyed the said property to the Buras Levee District, a political subdivision of the state created by Act 18 of 1894. The law under which the conveyance was made to the Levee District is Act 324 of 1938.
 

 The law under which the corporation attempted to redeem the property is Act 47 of 1938. That act provided that, at any time from the date on which the act took effect and up to 12 noon of the 31st day of December, 1938, the owner of any lands which had been bid in or adjudicated to the state or any of its political subdivisions for the non-payment of taxes for the year 1936, or previous years’ taxes, might redeem the property by paying to the State Treasurer the amount of the actual taxes for which the lands were adjudicated, provided the title thereto was still in the state. The reason the State Treasurer refused to permit the corporation to redeem the property was that title thereto was no longer in the state, the property having been transferred to the Buras Levee District on September 9, 1938.
 

 The present suit was filed by the receivers of the corporation on May 9, 1939, the purpose of the suit being to have canceled
 
 *987
 
 and erased from the records the instrument by which the Register of the State Land Office and the State Auditor transferred the land to the Buras Levee District, and to compel the State Treasurer to accept the tender made for the redemption, of the land and to compel the Treasurer and the Register of the State Land Office to execute the proper certificate of redemption in favor of the corporation.
 

 . The State Treasurer, the Register of the State Land Office, the State Auditor, and the Board of Commissioners of the Buras Levee District were made parties defendant.
 

 The plaintiff alleged that Act 324 of 1938, under the provisions of which the Register of the State Land Office and the Auditor transferred the land in controversy to the Buras Levee District, is unconstitutional, null, and void, and, since the act is void, the State Auditor and the Register of the State Land Office' were without authority to transfer the land to the Levee District, and that therefore title to the land was still in the state. Several alternative pleas were made by plaintiff, which pleas we shall not mention here. Defendant filed several exceptions, which were overruled. Defendants filed answer in which they denied that Act 324 of 1938 is unconstitutional, denied that the transfer made by the State Auditor and the Register of the State Land Office to the Buras Levee District was invalid, and prayed that plaintiff’s demands be rejected and that its suit be dismissed.
 

 The case was submitted on an agreed statement of facts. There was judgment decreeing Act 324 of 1938 unconstitutional, and that the transfer of the property by the Register of-the State Land Office and the State Auditor to the Buras Levee District was null and void, and it was ordered that the proper officials accept the tender made to them by plaintiff and issue to plaintiff a certificate of redemption covering and redeeming the property described in plaintiff’s petition. From this judgment defendants appealed.
 

 The Buras Levee District was created by Act 18 of 1894. Section 11 of that act provides that, in order to provide additional means to carry out the purpose of the act and to furnish resources to enable the Board of Commissioners to assist in developing and completing a levee system in the said district, all the lands then belonging, or that might thereafter belong, to the State of Louisiana/ and embraced within the limits of the Levee District, were donated to the Levee District, including lands which had been forfeited to the State of Louisiana for non-payment of taxes.
 

 The same section of the act provides, that lands theretofore forfeited to the state-might be redeemed by the former owner at any time within six months after the-, effective date of the act. It provides further that after the expiration of six months it should be the duty of the-Auditor and the Register of the State Land Office to-convey such lands to the Board of Commissioners of the Buras Levee District by-proper instruments whenever from time to. time said Auditor and said Register of the State Land Office, or either of them, were;
 
 *989
 
 requested to do so by the Board of Levee Commissioners or by the president thereof.
 

 In State ex rel. Fitzpatrick v. Grace, Register of the State Land Office, 187 La. 1028, 175 So. 656, it was held that Act 237 of 1924 repealed those provisions of the various acts creating levee boards, which authorized the Auditor and the Register of the State-Land Office to transfer to the levee districts lands belonging to the state which had been acquired by the state through tax forfeitures.
 

 So that the only authority which the Register of the State Land Office and the Auditor had for transferring the lands here involved to the Buras Levee District was Act 324 of 1938, the lands involved having been forfeited to the State for the non-payment of taxes. Therefore, if Act 324 of 1938 is unconstitutional, the transfer of these lands to the Buras Levee District was null and void as having been made without authority of law, and the land was subject to redemption under Act 47 of 1938, on December 28, 1938, when plaintiff made the tender and asked for a certificate of redemption.
 

 Act 324 of 1938, including the title, reads as follows:
 

 “An Act
 

 “To re-define the limits of the Buras Levee District as created by Act 18 of 1894; to prescribe certain powers and duties of the Board of Commissioners thereof ; and to repeal all laws in conflict herewith.
 

 “Section 1. Be it enacted by the Legisr lature of Louisiana, That the limits of the Buras Levee District as fixed by Act 18 of 1894 shall be taken as having comprised all the territory contained within the Parish of Plaquemines on the West Bank of the Mississippi River, south of the line drawn from the lower forty arpent line of Riceland Plantation to the limits of Harang Canal on Bayou Lafourche and .extending to the ‘Jump’, including all of the lands made by the said ‘Jump’ crevasse to the lower boundary of West Bay; and that all lands not heretofore conveyed tó said Levee District shall henceforth be conveyed to it, according to all the terms and provisions of the relative granting statutes.
 

 “Section 2. That the Board of Commissioners for the Buras Levee District shall be invested with the control of all public levees and levee drainage in the District, with authority to require the State Engineers to lay off, furnish estimates and perform all engineering work necessary for the location, construction, and repairs of levees and drainage, both front and rear, reserving, however, the right to the Parish in which 'the levees are located, also 'to provide funds, to construct and repair necessary .levees and drainage and exercise the powers now delegated to them by law.
 

 “Section 3. That all laws or parts of’ law which are inconsistent .or in conflict herewith be, and the same are, hereby repealed.”
 

 The validity of this act was attacked by plaintiff on 11 separate grounds. According to the view we take, it is necessary to mention only two of them, which are (1)
 
 *991
 
 that the body of the act is broader than its title and embraces more than one object, and (2) that the act attempts to revive and re-enact Section 11, Act 18 of 1894, by reference to its title only, without reenacting and publishing the same in full.
 

 Section 16, Article III, of the Constitution, provides that “Every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object”.
 

 The object of a law is the aim or purpose of the enactment. State v. Ferguson, 104 La. 249, 28 So. 917, 81 Am.St.Rep. 123. The object of a law, “properly speaking, is its general purpose”. 59 C.J. p. 800. The object of a law is the matter or thing forming the groundwork of the act. The title of an act of the Legislature is of the nature of a label, the purpose of which is to give notice of the legislative intent and purpose to those interested in, or who may be affected by, the terms of the act, and to prevent surprise and fraud upon members of the Legislature.
 

 The settled jurisprudence of this state is that, while the title of an act need not be a complete index to every section of the statute, yet it must be clear, ample, and concise enough to direct attention to the purpose of the law. This rule or principle and the reason for it have been stated over and over again by this and other courts and by text-writers.
 

 The title of Act 324 of 1938 reads as follows:
 

 “To • re-define the limits of the Buras Levee District as created by Act 18 of 1894; to prescribe certain powers and duties of the Board of Commissioners thereof; and to repeal all laws in conflict herewith.”
 

 One reading this title would naturally expect to find in the body of the act, if read in full, provisions relating to the geographical limits of the Buras Levee District, or the territory which it embraces. Section 1 of the act does contain such provisions. It says that the limits of the Levee District shall be taken “as having comprised all the territory contained within the Parish of Plaquemines on the West Bank of the Mississippi River, south of the line drawn from the lower forty arpent line of Riceland Plantation to the limits of Harang Canal on Bayou Lafourche and extending to the ‘Jump’, including all the land made by the ‘Jump’ crevasse to the lower boundary of West Bay”.
 

 And one would naturally expect, after reading the title, to find also in the body of the act provisions relating to the powers and duties of the Board of Commissioners of the Buras Levee District. Section 2 of the act does contain such provisions. That section of the act provides that the Board of Commissioners “shall be invested with the control of all public levees and levee drainage in the District, with authority to require the State Engineers to lay off, furnish estimates and perform all engineering work necessary for the location, construction and repairs of levees and drainage, both front and rear”.
 

 But the title to the act does not convey the slightest suggestion or intimation that
 
 *993
 
 a reading of the body of the act would disclose that it contains provisions purporting to convey to the Levee District tbe lands therein belonging to the state, and purporting to authorize the Auditor and the Register of the State Land Office to convey to the Levee District lands then owned by the state and situated within the territorial limits of the district. And yet, in Section 1 of the act, following the general provisions relating to the geographical limits of the district and the territory embraced therein, there is inserted at the end of that section, and as a part of it, the following clause:
 

 “ * * * ; and that all lands not heretofore conveyed to said Levee District shall henceforth be conveyed to it,
 
 according to all the terms and provisions of the relative granting statutes.”
 
 (Italics ours.)
 

 The Auditor and the Register of the State Land Office construed this clause to mean that all lands within the Levee District then owned by the state were conveyed to the district, and that they were reinvested with authority formally to convey to the district any and all lands then owned by the state, including lands forfeited for non-payment of taxes, of which authority they had been divested by Act 237 of 1924 under the ruling in State ex rel. Fitzpatrick v. Grace, supra. For, when the Board of Commissioners of the Levee District requested them on September 9, 1938, only a few days after the effective date of Act 324 of 1938, to transfer the land, they promptly did so “by . proper instruments of conveyance”.
 

 Furthermore, they evidently construed that clause of the act to mean that the dead provisions of Section 11, Act 18 of 1894, authorizing the Auditor and the Register of the State Land Office, “on behalf of and in the name of the State”, to make such transfer “by proper instruments of conveyance”, were resurrected and made to live again by the passage of Act 324 of 1938, because they proceeded in exact accordance with these provisions.
 

 Act 324 of 1938 provides that all lands, not theretofore “conveyed to said Levee District shall henceforth be conveyed to it”. But it does not specify by whom or the method by which the transfer is to be made. It merely provides that the lands shall be “conveyed to it, according to all the terms and provisions of the relative granting statutes”. The phrase “relative granting statutes” refers, of course, to Section 11, Act 18 of 1894, which section, in so far as it granted to the Levee District all lands forfeited to the state for non-payment of taxes and authorized the Auditor and the Register of the State Land Office to transfer such lands by formal instruments of conveyance, was repealed by Act 237 of 1924.
 

 If that clause of Section 1 of the act which relates to the transfer of state-owned lands to the Levee District is valid, the transfer made by the Auditor and the Register of the State Land Office is valid. But, if it is null, void, and ineffective, then the transfer is invalid because made without authority of law.
 

 That part of Section 1 of the act is null and void for two reasons. The first is
 
 *995
 
 that there is nothing in the title of the act which suggests or remotely indicates that the object, aim, or purpose of the enactment was to convey to the Levee District state-owned lands, or to provide a method by which a conveyance of them might be made effective.
 

 A law, to' be valid, must have a title indicative of its object. If, as some of the counsel argue and as the trial judge seems to have thought might be true, the sole purpose of the act was to convey state- , owned lands to the Levee Board, the act as a whole is unconstitutional for the reason that its title is not indicative of that object. However, for reasons which we shall state later in this opinion, we do not think the act as a whole is' unconstitutional.
 

 The second reason why the act is invalid, in so far as it relates to the conveyance of state-owned lands, is that it provides no legal means by which the lands may be conveyed. It directs that the lands be conveyed to the Levee District “according to all the terms and provisions of the relative granting statutes”. This phrase evidently refers to Section 11, Act 18 of 1894, for that was the only law which authorized the Auditor and the Register of the State Land Office to make formal transfer of state-owned lands to the Buras Levee District. If that law was not revived ,01' amended by Act 324 of 1938, the Auditor and the Register of the State Land Office had no authority to make the transfer.
 

 But the old repealed law was not revived or amended. Sections 17 and 18, Article III of the Constitution, read as follows:
 

 “§ 17. No law shall be revived or amended by reference to its title, but in such cases the act revived, or section as amended, shall be reenacted and published at length.”
 

 “§ 18. The Legislature shall never adopt any system or code of laws by general reference to such system or code of laws; but in all cases shall recite at length the several provisions of the laws it may enact.”
 

 The trial judge correctly said in his written opinion:
 

 “There can be no doubt that under our Constitution . no law can. be re-enacted merely by reference and that the re-enactment of a repealed law by reference is prohibited. It is very true that Act 324 of 1938 does not expressly refer to and does not expressly revive the provisions of Section 11 of Act 18 of 1894, but it does expressly provide that the transfer of lands referred to in the Act shall be made
 
 ‘according to all the terms and provisions of the relative granting statutes,’
 
 and it must be conceded, as it was conceded by the Attorney General, that the statute referred to is Act 18 of 1894.
 

 “As I see it, in order to enforce the provisions of Act 324 of 1938, it would be absolutely necessary to comply with the provisions of the relative granting statute, which as stated, was repealed, and which could not be revived by reference. That provision of the Act, therefore relating to the conveyance of lands adjudicated to the State for taxes is meaningless and unenforcible. The transfer made of the lands here involved, was null and void and in
 
 *997
 
 violation of a right to redeem under Act 47 of 1938.”
 

 That portion of Section 1 of the act which relates to the transfer of state-owned lands is wholly foreign to the object of the act as stated in the title. It is extraneous matter which goes beyond the scope of the title. “An act will not be so interpreted as to give its provisions an operation beyond the scope of its title.” State v. Banks, 106 La. 480, 31 So. 53.
 

 In Kleinpeter v. Ferrara, 179 La. 193, 153 So. 689, 690, we said:
 

 “The title of a statute defines its scope, and any of its provisions beyond the restrictions of its title are invalid.” (Citing numerous Louisiana cases.)
 

 But the fact that thát portion of the statute is invalid affords no reason for declaring the statute invalid as a whole, because that portion is separable from the other provisions of the act. If it be eliminated entirely, what remains may stand by itself as a valid enactment.
 

 “It is a fundamental principle that a statute may be constitutional in one part and unconstitutional in another part and that if the invalid part is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected.” 11 American Jurisprudence, p. 834, Sec. 152.
 

 In support of the above statement of the general principle, there are cited innumerable decisions by the Supreme Court of the United States and numerous decisions by the courts of 40 states, including Louisiana. The Louisiana casesi cited are State v. Lange, 168 La. 958, 123 So. 639, 67 A.L.R. 1447, and State v. Hill, 168 La. 761, 123 So. 317, 69 A.L.R. 574.
 

 The following additional Louisiana cases support that general principle: City of Alexandria v. Hall, 171 La. 595, 131 So. 722; Calcasieu Long Leaf Lumber Co. v. Reid, Tax Collector, 146 La. 77, 83 So. 384; State ex rel. Chess & Wymond Co. v. Grace, 188 La. 129, 175 So. 825.
 

 The avowed object, aim, and purpose of Act 324 of 1938, as expressed in its title, is to redefine the limits of the Buras Levee District and to confer certain authority and •powers upon the Board of Commissioners of that district. As we have already stated, the body of the act carries into effect that general object or aim.
 

 If that portion of Section 1 of the act relating to the transfer of lands is eliminated, those portions which remain form a complete enactment and are in accord with the .object indicated by the title. Evidently the Legislature intended the act to have effect so far as that purpose is concerned.
 

 “The constitutional and unconstitutional provisions of a statute may be included in. one and the same section and yet be separable so that some stand while others fall.” 11 American Jurisprudence, p. 839.
 

 Our conclusion is, and we hold, that Act 324 of 1938 is invalid in so far as that clause in Section 1 of the Act which relates to the transfer of state-owned lands to the Levee District is concerned, and that otherwise the statute is constitutional.
 

 For the reasons assigned, the judgment appealed from is set aside in so far as
 
 *999
 
 it decreed Act 324 of 1938 unconstitutional as a whole; and it is now decreed that said act is unconstitutional in so far as it relates to the transfer of state-owned lands to the Levee District, and that in all other respects the statute is constitutional. The judgment appealed from in all other respects, parts, and particulars is affirmed.