HAWTHORNE, Justice.
In a bill of information filed on November 12, 1948, defendant was charged with violating the provisions of Section 8 of Act 172 of 1944, LSA-R.S. 9:5358 to 9:5362 (the Chattel Mortgage Act), in that on March 23, 1948, he sold a certain automobile which had been previously mortgaged, with the fraudulent intent to defeat the mortgage. He was tried under this bill of information and on April 4, 1951, was. adjudged guilty. After verdict but prior to sentence, he filed a motion in arrest of judgment in which he urged that no legal verdict could be rendered against him because the act under which he was prosecuted, Act 172 of 1944, had been repealed by Act 342 of 1950, LSA-R.S. 32:701 et seq., the Vehicle Certificate of Title Act,, which repealed all laws or parts of laws in conflict therewith and contained no saving' clause.
The trial judge sustained the motion ia arrest of judgment, dismissed the prosecution, and ordered the accused discharged. From the judgment sustaining the motion in arrest, the State appealed to Appellate Division I, Criminal District Court for the: *46 Parish of Orleans, since the offense charged was only a misdemeanor and no appeal lay to this court, and that court affirmed the ruling of the trial judge sustaining the motion in arrest of judgment. An application for rehearing was timely filed, in which for the first time the State cited and called to that court’s attention the provisions of Act 35 of 1942, LSA-R.S. 24:171, a general saving statute. This application for a rehearing was denied, with one member of the appellate court dissenting. Thereupon the State applied for, and was granted, writs to this court.
Act 342 of 1950 was adopted in the interval between the filing of the charge and defendant’s conviction. Section 8 of Act 172 of 1944, under which defendant was charged, was in full force and effect on the date the information was filed. The 1950 act did not specifically repeal the 1944 act, but did repeal in Section 39 all laws or parts of laws in conflict therewith. Since the 1950 statute deals with penalties for acts.to defeat chattel mortgages of motor vehicles, the State concedes that it repealed Act 172 of 1944 insofar as that statute denounced as criminal the act with which the defendant was charged, and the question of repeal is not at issue here.[1] The only’ question presented is the effect of that repeal on the prosecution of this case.
It is the position of respondent-defendant that, the repeal of the act under which he was prosecuted without a saving clause in the repealing act gave to him, under the facts of this case, a legislative pardon. The State contends that, in spite of the repeal of Act 172 of 1944, this prosecution was saved by the provisions of Act 35 of 1942, LSA-R.S. 24:171. The 1942 act reads as follows :
“The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecutipn for the enforcement of such penalty, forfeiture or liability.”
This general saving statute is regarded as much a part of Act 342 of 1950 as if written therein. According to 2 Sutherland, Statutory Construction (Horack’s 3d ed.), sec. 4938, p. 476, the effect of a general saving statute on subsequent repealing legislation is that “ * * * In such cases the repealing act is to be considered as limited in its effect and operation in the same manner and to the same extent as if it contained the customary saving *48 clause”. In Crawford, Statutory Construction, sec. 300, p. 613, with reference to such general saving statute it is said that, if the saving clause is a general one, that is, applicable to all repealing acts, it is considered as merely declaratory of a rule of construction and is regarded as much a part of every repealing act as if written therein. When effect is given to the 1942 act, Act 342 of 1950 cannot be legally construed to have no saving clause, because the 1942 act supplied a saving clause.
The repealing act in the instant case contains no provision expressly releasing or extinguishing the penalty provided for in the act under which the defendant is charged, and therefore the general saving statute must be read in connection therewith so as to provide a saving clause within the repealing statute.
In State v. Shushan, 206 La. 415, 19 So.2d 185, 192, this court in discussing the general saving statute, Act 35 of 1942, had this to say, which is pertinent here:
“As is well known, Act 35 of 1942 was passed by the Legislature to do away with so-called ‘legislative pardons,’ which, as disclosed by many decisions of this Court, have resulted when the Legislature amended a statute defining a crime so as to change the penalty and inadvertently omitted to, include in the new statute a savings clause as to pending prosecutions, thereby legislating a pardon to the accused.
“The express purpose for which Act 35 of 1942 was adopted, as shown both in the title and the body of the act, was to' protect the penalty, forfeiture or liability incurred under the repealed statute. * * * ” See also State v. Robinson, 221 La. 19, 58 So.2d 408, which fully refutes respondent-defendant’s contention here and is decisive of this case.
The respondent maintains that Act 35 of 1942 was intended by the Legislature to apply only to those prosecutions' which wére pending prior to the adoption of the Criminal Code, LSA-R.S. 14:1 et seq., and, in the alternative, that, if it was intended to apply to statutes passed after the adoption of the Code, it would apply only to those which are part of the Louisiana Criminal Code and not to statutes of a general nature which are not a part of the Code.
This argument is without merit, because by its very language the statute applies to, any law and any penalty, forfeiture, or liability, civil or criminal, and there is no. language which would indicate that it was. to apply only to a penalty, forfeiture, or liability which had been incurred prior to. the adoption of the Criminal Code, nor is, there any language in the act confining or limiting its operation to subsequent statutes, which became a part of, and are incorporated in, the Louisiana Criminal Code..
*50 The respondent argues in brief filed in this court that the writs should be recalled because the exercise of the court’s supervisory jurisdiction in this case sets a bad precedent. He says that the action of the court in this case is defeating the very purpose for which the Appellate Division •of the Criminal District Court for the Parish of Orleans was created, that is, to be a court of last resort for minor criminal matters in the Parish of Orleans. He admits that this court had authority to grant the application under its general supervisory jurisdiction over all inferior courts, so that he is merely urging that the action of the court was bad policy. The policy •of the court, of course, is to exercise its supervisory jurisdiction in its discretion when it considers that an error has been ■committed which does a substantial injustice to a party to a cause. In this instance, therefore, the application was properly granted.
For the reasons assigned, the writs herein granted are made peremptory; the judgment of the Appellate Division I, Criminal District Court for the Parish of Orleans, affirming the judgment of the Criminal District Court, Section “D”, for the Parish of Orleans, sustaining defendant’s motion in arrest of judgment is reversed, and defendant’s motion is overruled. It is ordered that this case be remanded to the Criminal District Court for the Parish of Orleans, there to be proceeded with according to law.

. Act 342 of 1950 covers the mortgaging, sale, etc., of motor vehicles as defined therein, whereas Act 172 of 1944, the Chattel Mortgage Act, covers the right to mortgage, etc.,- all movable property.