McCALEB, Justice.
The State is appealing from a judgment sustaining a motion to quash the bill of information herein,[1] and holding unconstitutional Act 503 of 1966, under which the charge is brought, on the ground that said statute is violative of Article III, Section 16 of the Louisiana Constitution.
The title to Act 503 of 1966 declares it is an act “To amend and re-enact Sections 1031, 1032, 1033, 1034, 1035, 1036, 1037 and 1038 of Title 14 of the Louisiana Revised Statutes of 1950, to add the use of hallucinogenic drugs to the prohibitions and regulations of the barbiturate and central nervous system stimulant law.” Section 1 of the statute provides for the amending and reenacting of the above numbered sections of Title 14 of the Revised Statutes of 1950 in certain designated particulars and specifies that the name of the law is changed from "Louisiana Barbiturate and Central Nervous System Stimulant Law” to “Louisiana Barbiturate, Central Nervous System Stimulant, and Hallucinogenic Drug Law.”
The only inaccuracy in the amendatory law is that it states in its title and Section 1 thereof that the various amended sections of the barbiturate and central nervous *421 system stimulant law are part of Title 14 (the Criminal Code) of the Louisiana Revised Statutes of 1950 when, as a matter of fact, these sections (1031 et seq.) are to be found in Title 40 of the Revised Statutes (Public Health and Safety), being part of Chapter 4 dealing with food and drugs. This, of course, is an obvious mistake for there are no such numbered sections contained in Title 14. However, we doubt that the error renders Act 503 of 1966 violative of Article III, Section 16 of the Constitution, the pertinent portion of which provides: “Every statute enacted by the Legislature shall embrace but one object, and shall have a title indicative of its object. * * * ”
Here the object of Act 503 of 1966 is plainly stated in its title to be the amending and re-enacting of certain sections of the Revised Statutes by adding “ * * * the use of hallucinogenic drugs to the prohibitions and regulations of the barbiturate and central nervous system stimulant law.” The correct sections of the law to be amended are given but, as stated above, these sections are erroneously stated to be contained in Title 14 of the Revised Statutes when in fact the law amended is included in Chapter 4 of Title 40 dealing with food and drugs. The mistake was detected before publication by Louisiana State Law Institute and, in preparing the printer’s copy for the Revised Statutes, it made the appropriate correction, as authorized under R.S. 24:253, by incorporating the provisions of Act 503 of 1966 as an amendment to Title 40 with the notation thereunder:
“Since the Title of Act 1966, No. 503 states that the Act is to add provisions to the barbiturate and central nervous system stimulant law, which law is contained in R.S. Title 40 on authority of R.S. 24:-253, Act 503 is treated as amending R.S. 40:1031 to 40:1038, even though Act 503 states, in its title and in § 1, that R.S. Title 14 is the title involved in the amendment.”
It is well settled that, in determining judicially whether a statute embraces but one object and has a title indicative thereof, “ * * * it is necessary first to examine the body of the Act in order to ascertain the purpose or aim of the statute. * * * ” Peck v. City of New Orleans, 199 La. 76, 5 So.2d 508. The attack in the present case is not that the act embraces more than one object or that it is broader in scope than its title, but rather that both the title and the body of the act incorrectly signify that it amends certain sections under Title 14 (the Criminal Code) when actually the sections re-enacted are contained in Title 40. But, as indicated above, this inaccuracy affords no ground for holding the act violative of Section 16 of Article III of the Constitution, which is designed to give notice of legislative intent and purpose to those interested in, or who may be affected by, the terms of a.n act, and to prevent surprise and fraud upon members of the Legis *423 lature. Airey v. Tugwell, 197 La. 982, 3 So.2d 99. No interested person could have been misled by the title to the Act herein as to legislative purpose and intent. For the title clearly specifies the legislative design to amend the barbiturate and central nervous system stimulant law by adding thereto prohibitions of the use of hallucinogenic drugs.
Although there does not appear to be any Louisiana case directly in point, the general jurisprudence throughout the country is to the effect that an apparent error in the title of the statute sought to be amended will be disregarded and will not invalidate the amendment, if the original act or section can otherwise be identified. See 1 Sutherland, Statutory Construction (3d Ed. Horack 1943), Sec. 1909, p. 351, Sec. 1911, p. 363; 50 Am.Jur. Statutes, Sec. 206, p. 187; 82 C.J.S. Statutes § 220c, p. 379; and 5 A.L.R. 996. Here, the error in the law has been corrected in the codification by the Louisiana State Law Institute under legislative authority. We find no merit in the motion to quash.[2]
For the reasons assigned, the judgment appealed from is reversed, the motion to quash the bill of information is overruled, and the case is remanded for further proceedings consistent with the views herein expressed.

. The bill charges that defendant did willfully and unlawfully give an hallucinogenic drug, to-wit: L.S.D., to one Beverly Ann Parley.

. In the brief of defense counsel it is stated that Act 503 of 19G6 has been expressly repealed by Section 3 of Act 3 of 1968, and it was mentioned in oral argument that the repealing act does not contain a savings clause. In view of the repeal, certain questions were directed from the Bench as to the effect of the repeal of the 1966 statute on prosecutions begun while that law was in force and effect. In respect to these queries, the State has directed our attention to R.S. 24:171, which provides in substance that the repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, and that the repealed law shall be treated as still remaining in force for purposes of any prosecution begun while said act was in force and effect. See State v. Bowie, 221 La. 41, 58 So.2d 415 (1952) and cases there cited.