EASTERN DIST.
May, 1838.

MILNE
vs.
GIRODEAU.

MILNE vs. GIRODEAU.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The plaintiff cannot recover in a petitory action, when it is shown the property claimed, lies below high water mark, and forms part of the bed of the lake. Land thus situated, is not susceptible of private ownership.

Where the petition claiming certain lots of ground, is silent on the subject of defendant's buildings being a nuisance, the plaintiff cannot demand its abatement.

This is a petitory action in which the plaintiff claims a square of ground, making part of two lots in the plan of a town called Milneburg, situated on the margin of lake Pontchartrain, at the lake end of the rail road. The plaintiff sets up title as original owner, having laid off the town, and sold the ground in question, to one Jean Toussaint, who, he alleges, never complied with the terms of sale, but transferred it to the defendant, who is now in possession, and about to erect buildings thereon. He prays that he have judgment for the said parcel of ground, and that in the mean time, the defendant be enjoined from erecting buildings, etc.

The defendant pleaded a general denial, and averred that he had been more than a year in possession of the property claimed ; and that said lots make a part of the lake shore, which is common to every person, and that the plaintiff is not and cannot claim to be the owner thereof.

Upon these pleadings and issues the case was tried before the court.

The evidence showed that the plaintiff caused the plan of a town, which he called after his own name, to be laid out on the margin of the lake, where the Pontchartrain rail road terminates, and lots were sold in conformity to the plan. Those now in question were offered to Toussaint, and an act of sale tendered, which was cancelled on his refusing to accept.

The defendant produced an act of sale from the plaintiff, to these lots, dated in 1832, and offered testimony showing that they were under water at high tide, and made part of the bed of the lake.

The district judge decided that the lots in dispute, were part of the bed of the lake, and not susceptible of ownership, even by the proprietor of the lake shore. There was judgment for the defendant, and the plaintiff appealed.

*Preston,* for the plaintiff, contended, that the evidence showed that the defendant built upon the plaintiff's ground, which the latter had appropriated to the public use, and which caused much damage and injury to him in this respect, and to his other property.

2. The court should have ordered the defendant's buildings to be removed, and the whole ground cleared and abated as a nuisance.

*Pichot, contra.*

*Carleton, J.,* delivered the opinion of the court.

This is a petitory action brought for the recovery of a lot of ground in the town of Milneburg, at the end of the rail road, on lake Pontchartrain, composed, according to the plan of that town, of a part of lots 1 and 2, in square No. 1, being sixty feet front on Champes Elyssées street, and extending in depth one hundred and twenty feet, and fronting on the American wharf.

The defendant, who is in possession of the lot, avers, in his answer, that it makes a part of the sea shore, is common property, and that plaintiff cannot have the ownership thereof.

There was judgment for the defendant, and plaintiff appealed.

It appears to us that the testimony shows fully, the ground in question, lies much below high water mark, and forms part of the bed of the lake, and is not, therefore, susceptible of private ownership. *Louisiana Code, articles* 440, 1, 2, 3 *and* 4.

The plaintiff cannot recover in a petitory action, when it is shown the property claimed lies below high water mark, and forms part of the bed of the lake. Land thus situated, is not susceptible of private ownership.

EASTERN DIST.
*May*, 1838.

BRUGNOT
*vs.*
LA. STATE
MARINE AND
FIRE INS. CO.

Where the petition claiming certain lots of ground, is silent on the subject of defendant's buildings being a nuisance, the plaintiff cannot demand its abatement.

But the counsel for plaintiff insists, that the buildings erected on the lot by the defendant, are a nuisance, and ought to be abated under a decree of the court, in the present case. The judgment of the District Court being against him on this point also, he has urged its consideration before this tribunal.

We concur, however, in opinion, with the court below. The petition is silent upon the subject of the nuisance, and we think it would be altogether anomalous, and produce much confusion, if the parties were permitted to raise and settle controversies by argument, which had no relation to the pleadings in the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.