64 So.2d 839

## HUMBLE OIL & REFINING CO. v. STATE MINERAL BOARD et al.

### No. 40964.

Jan. 12, 1953.

Rehearing Denied April 27, 1953.

Fred S. LeBlanc, Atty. Gen., W. C. Perrault, 1st Asst. Atty. Gen., John L. Madden, Joel B. Dickinson, Asst. Attys. Gen., James R. Fuller, Wm. Louis Albritton, Special Asst. Attys. Gen., Geo. M. Wallace, Baton Rouge, for defendants-appellants, State Mineral Board, et al.

Louis M. Cyr, New Iberia, Davidson & Meaux and J. J. Davidson, Jr., Lafayette, for defendants, Salt Domes, Inc., et al.

Tinsley Gilmer, Charles Janvier, New Orleans, Rex G. Baker and Nelson Jones, Houston, Tex., for plaintiff, Humble Oil & Refining Co.

McCALEB, Justice.

This controversy involves the ownership of the bed of Duck Lake which is located in the Atchafalaya Basin of the Parish of St. Martin, specifically within the confines of

Section 36, T. 14 S., R. 11 E. The Section was among those certified by the State of Louisiana to the United States as swamp and overflow land and was approved by the United States to the State under the Swamp Land Grant Act, 43 U.S.C.A. §§ 981–987, on May 6th 1852. After accepting Section 36 from the United States, the State granted together with other lands, the NW¼, SW½ of the NE¼ and the S½ thereof to the Atchafalaya Basin Levee District as vacant land under authority of Act No. 97 of 1890, LSA–R.S. 38:691 et seq.

On March 15th 1901, Atchafalaya Basin Levee District sold land, including the NW¼, SW¼ of the NE¼ and S½ of Section 36, to South Louisiana Land Company, Inc. and, through a series of conveyances, the property was ultimately acquired by Salt Domes Incorporated and other private individuals who, for purposes of brevity, will be hereinafter referred to as "Salt Domes".

On May 2nd 1945, Humble Oil & Refining Company was granted a mineral lease by Salt Domes covering the bed of Duck Lake and, on November 12th of the same year, obtained a similar lease from the State Mineral Board. During August of 1950, the Oil Company completed two wells upon the property and was thereupon confronted with the problem of determining which one

of its lessors, the State or Salt Domes, was the owner of the bed of the Lake. In order to avoid the consequences of an erroneous decision on its part, the oil company, availing itself of the provisions of LSA–R.S. 13:- 4811–4817, filed this interpleader proceeding in which it deposited the sum of $2675 in the registry of the court[1] and called upon the claimants to assert their rights in the premises.

In due course, all interested parties filed answers. The State averred that, inasmuch as Duck Lake is presently a navigable body of water and was also navigable in 1812 when Louisiana was admitted to the Union, the bed thereof was "sovereignty" land which was not covered by, and could not have been embraced in, the swamp land grants; that the Atchafalaya Basin Levee District did not acquire title to the bottom of the Lake under Act No. 97 of 1890 and that, accordingly, the Levee District did not and could not transfer title to private individuals or corporations.

Salt Domes, on the other hand, maintained that all lands, including navigable water bottoms lying within the confines of the Atchafalaya Basin Levee District, were donated to the Levee District by Act No. 97 of 1890; that the transfer of land comprising the bed of Duck Lake in 1901 by the Register of the State Land Office and State

1. This deposit represented the value of ⅛ royalty on oil produced at the time suit was filed. Under the lease with the State Mineral Board the royalty is ⅙, whereas, the lease with Salt Domes pro- vides for a royalty of ⅛ of the oil. The Oil Company prayed that, in the event Salt Domes was declared to be the successful claimant, the excess of the deposit be returned to it.

Auditor was fully authorized by and in accordance with law and that the subsequent alienation of the property to private corporations and individuals was likewise legal in all respects. In addition, it was pleaded that, if the transfer by the Auditor and Register of the State Land Office to the Atchafalaya Basin Levee District be considered irregular for any reason, the State is now without right to assail the title of Salt Domes, being barred by the limitation of six years prescribed by Act No. 62 of 1912, LSA–R.S. 9:5661.

Following the assertion of these conflicting claims, Salt Domes filed a rule for judgment on the face of the pleadings. However, prior to its submission, a stipulation was made in which it was conceded, for purposes of decision on the pleadings, that Duck Lake was a navigable body of water in 1812 and is presently navigable. The rule was then heard and made absolute, the trial judge being of the opinion that the State had become estopped, by its action in accepting the water bottoms from the Federal Government under the Swamp Land Grant Act, from thereafter contesting title thereto against all remote transferees. He

was also of the view that Act No. 258 of 1910, LSA–R.S. 9:1101, effected a confirmation of the title of Salt Domes.[2]

The State Mineral Board has prosecuted this appeal from the adverse holding.

We do not deem it essential to consider the merits of the title claims of either the State or Salt Domes because it is perfectly apparent, from the foregoing statement of the case, that whatever right the State may have had to contest the title of Salt Domes has long since been barred by the peremption of six years provided by Act No. 62 of 1912. That Act, which is a statute of repose, declares that all suits or proceedings of the State or other persons to vacate or annul any patent issued by it " * * * or any transfer of property by any sub-division of the State, shall be brought only within six years * * *".

By an unbroken line of jurisprudence, this Court has held that the failure of the State to institute suit to annul a patent or transfer of land by one of its sub-divisions[3] within six years from its date, or within six years from the effective date of Act 62 of 1912 when the patent or deed had

---

2. Act No. 258 of 1910 was a reaffirmation by the Legislature of the State's ownership of the bayous, lagoons, lakes and bays, and the beds thereof, within the borders of the State, excepting those which had been theretofore alienated. It was held in State v. Board of Com'rs of Caddo Levee District, 188 La. 1, 175 So. 678, that the purpose of the act was to revoke the grants of water bottoms to the several levee districts in all cases

where the rights of private persons or corporations had not intervened.

3. It is well settled that a Levee District is a subdivision of the State. Commander v. Board of Com'rs, 202 La. 325, 11 So.2d 605 and other cases. Therefore, the transfer of the lands in controversy by the Atchafalaya Basin Levee District to private parties was subject to the prescription of 6 years provided by Act No. 62 of 1912.

been executed prior to its passage, operates as a tacit confirmation which thereafter renders the title unassailable. State v. Sweet Lake Land & Oil Co., 164 La. 240, 113 So. 833; Realty Operators v. State Mineral Board, 202 La. 398, 12 So.2d 198 and O'Brien v. State Mineral Board, 209 La. 266, 24 So.2d 470.

Counsel for the State acknowledge the force of these pronouncements but it is professed that they are inapplicable in this instance for the reason that, in the cited cases, the Court was dealing with lands which the State had been authorized to sell, whereas, here it is contended that the State could not transfer the bed of navigable waters under Act No. 97 of 1890 as that statute sanctioned only the conveyance to the Levee District of lands properly acquired from the United States as swamp and overflowed lands and those forfeited for non-payment of taxes.

The answer to this proposition is that, inasmuch as the bed of Duck Lake was unquestionably embraced in the transfer of vacant lands executed on May 18th 1901 by the Register of the State Land Office and the State Auditor in favor of the Atchafalaya Basin Levee District and inasmuch as this property was taken out of the public domain by conveyance of said Levee District to private parties, it is a matter of no

importance whether the deed of the public officers was beyond the powers vested in them by Act No. 97 of 1890. The transfer being an accomplished fact and the property having been acquired by private transferees, the State was accorded six years to contest the matter. Failure to institute suit within that time constituted a ratification of the action of its officers in disposing of the property. See Atchafalaya Land Co. v. F. B. Williams Cypress Co., 146 La. 1047, 84 So. 351, 358.[4]

The judgment appealed from is affirmed.

4. In the Atchafalaya Land Co. case, this court, in dealing with a similar situation involving the application of Act No. 62 of 1912, observed: "Conceding that the Governor of the state and the register of the land office were without authority to issue the patents, the Legislature had authority to ratify and confirm their acts, as was done by the statute of repose."