**MIAMI CORP.**

v.

**STATE MINERAL BOARD.**

Civ. A. No. 4537.

United States District Court
W. D. Louisiana, Lake Charles Division.

June 21, 1954.

Milling, Saal, Saunders, Benson & Woodward, New Orleans, for plaintiff

Fred S. LeBlanc, Atty. Gen. of Louisiana, for defendant.

HUNTER, District Judge.

Plaintiff is a corporation organized under the laws of the State of Delaware and brings this action against the Louisiana State Mineral Board, seeking an injunction to prevent the Board from advertising to lease and from leasing the beds of certain bayous located in Cameron Parish, Louisiana, and specifically within the confines of Sections 8 and 9, Township 14 South, Range 5 West. The matter in controversy, exclusive of interest and costs, exceeds the sum of $3,000. Plaintiff claims to be the owner of the beds of the bayous by title emanating from a patent issued by the State of Louisiana on May 24, 1883 to Jabez B. Watkins, plaintiff's ancestor in title.

Plaintiff asserts the state action in advertising the tract is ultra vires and null and void, and that the action of the Mineral Board constitutes a trespass and slanders and disturbs plaintiff's title and possession. Defendant concedes that the acts complained of constitute a slander but deny plaintiff's ownership of the beds of the bayous in question, presumably on the theory that the bayous are navigable, and/or were navigable, and therefore not susceptible of private ownership.

The issues of fact and law having come on to be heard on the pleadings, affidavits and entire record herein, and due deliberation having been had, the court now makes the following findings of fact and conclusions of law:

### Findings of Fact

(1) The State Mineral Board has advertised that it will receive bids for a mineral lease on the beds of the bayous in question.

(2) The beds of the bayous in question are located within the confines of the property owned by the plaintiff and

covered by the patent issued on May 24, 1883 to Jabez B. Watkins, plaintiff's ancestor in title.

(3) The patent of May 24, 1883 was duly signed by the then Governor of the State of Louisiana and the then Register of the State Land Office, and was duly placed of record in the Records of the State Land Office.

(4) The patent purports to cover *all* of Sections 8 and 9, Township 14 South, Range 5 West, and no exceptions or exclusions appear therein.

(5) There is no intent whatsoever shown that the said State of Louisiana, in issuing the patent, did not intend to convey to Watkins everything that lay within the limits of said sections; and the beds which the state has advertised for lease do lay within the limits of said sections.

(6) The State of Louisiana has never instituted suit to vacate or annul said patent.

## Conclusions of Law

(1) This court has jurisdiction over the subject matter of this action and venue is properly located in the Western District of Louisiana (28 U.S.C.A. § 1332).

(2) All suits to vacate and annul any patent issued by the State of Louisiana, duly signed by the Governor of the state and the Register of the State Land Office, and of record in the State Land Office are effectively barred unless brought within six (6) years from the passage of Act 62 of the Louisiana Legislature of 1912 [LSA–R.S. 9:5661].[1]

(3) The failure of the state to institute suit to annul the patent which was issued to Jabez B. Watkins (1883) within six (6) years from the effective date of Act 62 of 1912 operated as a tacit confirmation of the title which thereafter renders the title unassailable. State v. Sweet Lake Land & Oil Company, 164 La. 240, 113 So. 833; Realty Operators v. State Mineral Board, 202 La. 398, 12 So.2d 198; O'Brien v. State Mineral Board, 209 La. 266, 24 So.2d 470.

(4) Act 62 of the Louisiana Legislature of 1912, by its explicit and unequivocal terms, bars all suits to annul any patent issued by the state, irrespective of whether the patent covers high land or submerged lands. If the Legislature had had the intention of excluding patents covering navigable water bottoms, it would have been a very easy matter to have done so by appropriate exception. The manifest purpose of said Act 62 was to stabilize titles issued by the state over the signature of the Governor and the Register of the State Land Office in cases wherein the state and other parties interested failed to contest the patents within a stated time. Humble Oil & Refining Company v. State Mineral Board, 223 La. 47, 64 So.2d 839, decided in 1953; California Company v. Price, 225 La. ——, 74 So.2d 1, 9, decided on rehearing on May 31, 1954.

(5) The State Mineral Board is barred from now asserting title to the beds of the bayous which are located within the confines of Sections 8 and 9, Township 14 South, Range 5 West.

(6) Plaintiff is entitled to the injunctive relief sought.

An order in conformity herewith will be signed upon presentation and after notice.

1. "Section 1. Be it enacted by the General Assembly of the State of Louisiana, etc., That all suits or proceedings of the State of Louisiana, private corporations, partnerships or *persons to vacate and annul any patent issued by the State of Louisiana, duly signed by the Governor of the State and the Register of the State Land Office, and of record in the State Land Office, or any transfer of property by any sub-division of the State, shall be brought only within six years of the issuance of patent, provided, that suits to annul patents previously issued shall be brought within six years from the passage of this Act."*