SCHOTT, Chief Judge.
On the application of the State of Louisiana ex rel Plaquemines Parish School Board we granted certiorari in order to consider the validity of a judgment of the trial court denying relator’s motion for summary judgment against the Plaque-mines Parish Government.
This litigation was commenced by relator on July 29, 1988, with a petition for declaratory relief and accounting with respect to thirteen enumerated sections of land whose title is in the name of respondent. The petition alleged that these were “Sixteenth Sections” dedicated for public schools in the parish. The petition seeks a declaratory judgment that the lands are the property of relator and an accounting for all revenues derived from the land by respondent.
Respondent filed an exception of no right of action contesting the right of the School Board to bring an action in the name of the state, but this exception was referred to the merits and is not before us.
In August 1989, the trial court severed the issues of title and accounting and the state answered the suit with respect to title incorporating therein pleas of prescription, estoppel and laches. Respondent also incorporated in its answer a reconventional demand and a third party demand against the State of Louisiana.
In July 1990, relator filed a motion for partial summary judgment seeking a declaration that the enumerated sections are the property of the State of Louisiana for the sole benefit of the Plaquemines Parish School Board.
On December 26, 1990, the trial court granted relator’s motion for summary judgment. However, on December 31 the judge who granted the motion retired, and, in May 1991, judge pro tempore Frank V. Zacearía, Sr. granted respondent’s motion for a rehearing of the summary judgment. On August 28, 1991, Judge Zacearía denied relator’s motion for summary judgment for the reason that “there are serious questions of fact and law presented”.
In its application for writs relator alleged that there were no issues of material fact and that only legal issues were to be resolved. Among these were issues of prescription, estoppel, and laches, but the major issue was whether a school board’s right to sixteenth sections extended to sixteenth sections consisting of waterbottoms, i.e., navigable waterways, or whether these sections as “sovereign lands” are excluded *960 from the general reservation of sixteenth sections for the support of schools.
Relator alleged that three of the thirteen sections were not sovereign lands; that there was no issue of material fact in that regard. Respondent disputes this. But as to the remaining sections relator concedes only for purposes of its application and its argument that these are sovereign lands and argues that they are nevertheless reserved to the schools as a matter of law. Because we perceived the issue to be purely legal we granted certiorari and have carefully considered the lengthy briefs filed by the parties in regard to the judgment of the trial court denying relator’s motion for summary judgment. Because the trial court did not consider the issues of prescription, estoppel and laches, they are not properly before us.
Because of the ultimate conclusion we have reached we have considered recalling our writ of certiorari and declining further exercise of our supervisory jurisdiction. In retrospect we are persuaded that the matter does not meet the criteria for the exercise of our supervisory jurisdiction with respect to the denial of a motion for summary judgment enumerated in Kiefer v. Whittaker, 468 So.2d 587 (La.App. 4th Cir. 1985) writ denied, 469 So.2d 979. However, since we have already considered the matter in such depth we felt obliged to render a judgment on the principal issue presented.
In Terrebonne Parish School Board v. Texaco, Inc., 178 So.2d 428 (La. App. 1st Cir.1965), writ denied, 248 La. 465, 179 So.2d 640, cert. den. 384 U.S. 950, 86 S.Ct. 1568, 16 L.Ed.2d 546, the court provided an interesting historical review of the reservation of sixteenth sections for school purposes. After finding that the sixteenth section involved was a navigable waterbottom the court concluded that title passed to the State of Louisiana. Relator argues that the case does not support respondent’s position and that the case held only that the school trust did not attach to sixteenth sections until they were surveyed. As we read the case the court held that in the case where there is some high land within a sixteenth section which otherwise consists of navigable waterbottoms a survey would be necessary before any claims for indemnity land for this section could be allowed. But, the claim would extend only to the high land portion, not to the waterbottoms.
While relator makes excellent arguments to avoid the holding of the Terrebone Parish School Board case regarding waterbottoms in the sixteenth sections it clearly recognizes that the case is adverse to its position and would have this court decline to follow it. Relator also argues that Coastal States Gas Producing Company v. State Mineral Board, 199 So.2d 554 (La.App. 3rd Cir.1967), does not support respondent’s position. This argument flies in the face of the following statement from the case which was written by the late, Judge Tate:
... .therefore, the water beds owned by the state by virtue of its inherent sovereignty are not included within the conveyed property described as “school-lands”, at least in the absence of strong indicia to the contrary. State v. Bayou Johnson Oyster Co., 130 La. 604, 58 So. 405, 409-0410 (1912) (excluding water beds from the sale of “swamp and overflowed land"). The navigable water bottoms within a school land section are not included within school lands granted to the State. See Terrebonne Parish School Board v. Texaco, Inc., La.App. 1 Cir., 178 So.2d 428, certiorari denied 248 La. 465, 179 So.2d 640.
In conclusion, we join the first and third circuits in holding that navigable waterbot-toms in sixteenth sections are not dedicated for school purposes.
Accordingly, the order of the trial court denying relator’s motion for summary judgment is affirmed and the case is remanded to the trial court for further proceedings.
AFFIRMED AND REMANDED.