JAMES F. McKAY III, Judge.
|Jn this action on a petition for declaratory judgment and accounting for oil and gas revenues, the defendant, Louisiana Department of Natural Resources, appeals the trial court’s granting of a partial summary judgment in favor of the plaintiff, State of Louisiana ex rel. Plaquemines Parish School Board. We affirm. We also deny the defendant’s exceptions of no cause of action and prescription.
FACTS AND PROCEDURAL HISTORY
This case involves a dispute between the Plaquemines Parish School Board and the Louisiana Department of Natural Resources over the School Board’s rights to Sixteenth Section lands subject to the School Lands Trust and to the mineral revenues generated from those lands. Pursuant to federal law, federal public lands which were transferred by the United States to Louisiana were to be surveyed *1030 and demarcated into “townships” which were, in turn, subdivided into thirty-six numbered “sections”. The “Sixteenth Section” of each township was reserved for the benefit of public schools. Likewise, the proceeds from the sale, lease, etc. of these “Sixteenth Sections” was to benefit public schools. This litigation, involving 12whether or not certain areas in Plaque-mines Parish are Sixteenth Section lands and who is entitled to the revenue from those lands, has been ongoing for nearly three decades and has been before this Court on at least four previous occasions.
In State of Louisiana ex rel Plaquemines Parish School Board v. Plaquemines Parish Government, 593 So.2d 958 (La.App. 4 Cir.1992) (PPG I), this Court held that any Sixteenth Section lands in Plaquemines Parish that composed water bottoms on the date that Louisiana was admitted to the Union were not subject to the School Lands Trust. In State of Louisiana ex rel Plaquemines Parish School Board v. Plaquemines Parish Government, 652 So.2d 1 (La.App. 4 Cir.1994) (PPG II), this Court held that the School Board was the proper party to recover royalties erroneously paid to the Plaque-mines Parish Government, who claimed title to all Sixteenth Sections in Plaque-mines Parish. This Court further held that a cause of action lay for recovery of the sections and that the defenses of lach-es, estoppel, and prescription did not lie. Id.
In State of Louisiana ex rel Plaquemines Parish School Board v. Plaquemines Parish Government, 96-0936 (La.App. 4 Cir. 2/26/97), 690 So.2d 232 (PPSB I), the School Board sought to recover oil and gas revenues from certain Sixteenth Sections in possession of the Parish Government. The School Board alleged that the lands were Sixteenth Sections that were reserved by federal law for the benefit of schools at the time that the various lands were transferred from the United States to Louisiana. The Parish Government alleged that the lands at issue were “sovereignty lands” (i.e. lands which were either water bottoms underlying | onavigable waters or lands affected by the ebb and flow of the tides when Louisiana was admitted to the Union as a state in 1812). The trial court ruled and this Court affirmed that eight of the thirteen sections at issue were Sixteenth Sections while five were not. Included in the Sixteenth Sections was the one located in Township 21 South, Range 27 East.
In Hunt Petroleum Corp. v. Texaco, Inc., 2004-0729 (La.App. 4 Cir. 12/1/04), 891 So.2d 36 (PPSB II), Hunt Petroleum filed a concursus proceeding and deposited into the registry of the court funds accruing from various oil, gas, and mineral leases in Plaquemines Parish. The trial court found that the School Board was entitled to the funds attributable to “any or all Sixteenth Sections located in Township 21 South, Range 27 East.”[1] This Court affirmed, holding that that issue had already been decided in PPSB I.
That brings us to the instant case. The School Board brought an action to have the State, through the Department of Natural Resources, account for revenues it has received from producing units that contain acreage included in the Sixteenth Sections lands located in Township 21 S, Range 27 E. The School Board filed a motion for summary judgment, asking the court to order the State to account for the royalties it has received from the leases at issue, plus interest. The School Board also requested reasonable costs and attorneys’ fees. The trial court granted the motion for summary judgment in part, ordering
*1031 the Department of Natural Resources to provide an accounting.[2] The trial court denied the School Board’s ^request for attorneys’ fees and costs. It is from this judgment that the Department of Natural Resources now appeals. The Department of Natural Resources has also filed exceptions of no cause of action and prescription which are now before this Court. DISCUSSION
On appeal, the defendant raises the following assignments of error: 1) the trial court erred in granting the motion for partial summary judgment on the basis that the State’s prior participation in PPSB I and/or PPSB II bars the State?s present claims to mineral revenue in Section 16; 2) the trial court erred in granting a motion for partial summary judgment which is contrary to established codal principles and jurisprudence pertaining to summary judgment; 3) the trial court erred in awarding a monetary sum to the School Board where the School Board did not pray for monetary sum or allege a cause of action for recovery of a monetary sum in its petition; and 4) the trial court erred in accepting the assertions contained in the affidavits submitted on behalf of appellee which were not based on personal knowledge.

Summary Judgment

Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A court must grant a motion for summary judgment “if the pleadings, depositions, answers to interrogatories, and admissions on file, | .Together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). Pursuant to a 1996 amendment to the summary judgment article, the summary judgment procedure is now favored under our law. La. C.C.P. art. 966(A)(2).
Paragraph C(2) of Article 966 provides:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
The burden of proof does not shift to the party opposing the summary judgment until the moving party first presents a prima facie case that no genuine issues of material fact exist. Hood v. Cotter, 2008-0215 (La.12/2/08), 5 So.3d 819. At that point, if the party opposing the motion “fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” La. C.C.P. art. 966(C)(2). Summary judgment should then be granted. Hood, 2008-0215, p. 6, 5 So.3d at 823.
In Hardy v. Bowie, 98-2821, p. 6 (La.9/8/99), 744 So.2d 606, 610, the Louisi *1032 ana Supreme Court stated that “[a] fact is ‘material’ when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery.” Additionally, the Supreme Court stated that “[fjacts are | (¡material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute.” Id.
In the instant case, the trial court granted the School Board’s motion for summary judgment in part and denied it in part. The trial court ordered the Department of Natural Resources to account for and in the amount of $8,974,127.44 for royalties which were and are due and payable to the School Board from production in the Sixteenth Section lands located in Township 21 S, Range 27 E. The trial court held that there was no material factual dispute about whether the trusts at issue are School Board lands. The issue of whether the Sixteenth Sections in Township 21 S, Range 27 E was a full or partial section in 1812 was already resolved in PPSB I. In that case, which both the Department of Natural Resources and the School Board were parties to, the trial court found that certain townships (including Township 21 S, Range 27 E) were subject to the School Lands Trust.
The doctrine of res judicata “promotes judicial efficiency and final resolution of disputes.” Avenue Plaza, L.L.C. v. Falgoust, 96-0178 (La.7/2/96), 676 So.2d 1077, 1079. “[RJes judicata precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment.” Insurance Co. of North America, v. Louisiana Power and Light Co., 2008-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267.
La. R.S. 13:4231 provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment. |7(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3)A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Because the issues in the instant case have already been litigated by the parties and decided in PPSB I and affirmed in PPSB II, this is res judicata. What the Department of Natural Resources is seeking here is not a second but a third bite at the apple.
In support of its motion for summary judgment, the school board also presented affidavits of Ralph Gipson and Scott Elston. The affidavits of these expert witnesses were both proper. Mr. Gipson answered a hypothetical question based on facts already in the record. In Mr. Elston’s affidavit, he calculated interest, based on the Department of Natural Resources’s figures, from the date of each royalty payment using the legal interest rate. Mr. Gipson’s affidavit offered his opinion while the State did not contest Mr. Elston’s calculations. In short, the State *1033 failed to create any dispute as to material fact. Accordingly, there are no genuine issues as to a material fact and the School Board is entitled a judgment ordering the accounting as a matter of law.
The Department of Natural Resources’ argument that the trial court erred in awarding a monetary sum is nonsensical. The prayer for an accounting by its very nature also included a demand for any sum due. See Vogt v. Orleans Parish Levee Board, 95-1187 (La.App. 4 Cir. 9/4/96), 680 So.2d 149. In that case, this Court held “ ‘Accounting’ has been defined as an act or system of making up or settling accounts or a rendition of an account. If by order of a court it imports a rendition [8of a judgment for the balance due. The term may include payment of the amount due. Black’s Law Dictionary (5th ed.1979).” Id. at 157.

No Cause of Action

In conjunction with its appeal, the Department of Natural Resources raises an exception of no cause of action. However, this issue has also previously been decided. In State of Louisiana ex rel Plaquemines Parish School Board v. Plaquemines Parish Government, 96-0936 (La.App. 4 Cir. 2/26/97), 690 So.2d 232 (PPSB I), this Court found that a cause of action lay against the Plaquemines Parish Government for funds wrongfully paid to it in violation of the School Lands Trust. The holding of that case is bolstered by La. R.S. 41:638 and La. R.S. 41:640.
La. R.S. 41:638, which pertains to the dedication and administration of property for public school purposes, provides:
Whenever any real property has been acquired by the state of Louisiana, any municipality, parish school board, or any other subdivision or agency of the state of Louisiana by virtue of a deed, act of sale, donation, or other form of transfer,
which contains a stipulation that such property is to be used for public school or public educational purposes, said deed, act of sale, donation, or other form of transfer, shall constitute a dedication of such property to the public for such purposes and the school board in whose district the property lies shall have the right to administer and use the property for public school purposes.

Id.

La. R.S. 41:640, which deals with the lease and use, adjustments, and the distribution of proceeds from Sixteenth Section lands, provides:
A. Where sixteenth section or indemnity lands granted by Congress for public school purposes have been erroneously sold by the state or paid by the state as fees for services rendered, such deficiencies shall be properly adjusted, as provided by the Constitution of 1879 and R.S. 41:641, and the amounts so determined shall be credited to the parish school boards of the parishes in which such townships are situated in proportion to the |9percentage of the townships lying in each said parish. The amounts so credited shall be treated as loans to the state on which the state shall pay interest at the rate of four percent per an-num.
B. The parish school boards of parishes within which there lies a township or any portion of a township containing a sixteenth section or any portion of a sixteenth section shall be entitled to a portion of the proceeds derived from the sale of the sixteenth section or any portion thereof, including the sale of timber thereon and revenues arising from mineral leases, agricultural leases, contracts, royalties, and all other revenues arising from said sales, *1034 leases, and contracts heretofore made or which may hereafter be consummated. The proceeds and revenues thereof shall be credited to the parish school boards in which such townships are situated in proportion to the percentage of the townships lying in each parish. On the funds so credited to the respective parish school boards arising from the sources above mentioned the state shall pay interest at the rate of four percent per annum so long as said funds remain on deposit in the state treasury. However, any school board shall have authority to direct by resolution that the state treasurer shall return any funds on deposit to its credit in the state treasury or which may accrue to its credit from such sixteenth sections, and said parish school boards shall have the right to use the said funds in the acquisition, construction, and equipping of public school buildings and other school facilities.
C. The parish school boards of parishes within which there lies a township or any portion of a township containing a sixteenth section or any portion of a sixteenth section shall have the authority to lease, contract, or both, with any other governmental agency or department for the use of sixteenth section lands within the boundaries of the respective parishes. The proceeds and revenues thereof shall be credited to the parish school boards in which such townships are situated in proportion to the percentage of the sixteenth section lands lying in each parish.

Id.

Clearly, based on the aforementioned case and statutes, the School Board has a cause of action against the State. Accordingly, the exception of no cause of action is denied.

Prescription

The Department of Natural Resources has also raised an exception of prescription. This action was brought by the State, through the Plaquemines Parish School Board as required by La. R.S. 41:963. Neither liberative nor acquisitive | ^prescription runs against the State. See Art. 12, § 13, La. Const. (1974). Long ago, the Louisiana Supreme Court recognized that this rule prevents the assertion of prescription in an action brought by the State to recover Sixteenth Section lands, even though a school board has authority to bring such a suit in the name of the State. See State v. F.B. Williams Cypress Co., 131 La. 62, 58 So. 1033 (1912). In that case, the Court found that “[t]he proposition that the rule of prescription established by the Constitution does not apply to the state in her capacity as trustee is untenable.” Id. at 1037. Accordingly, the exception of prescription is denied.
CONCLUSION
For the above and foregoing reasons, we affirm the trial court’s granting of partial summary judgment. We also deny the defendant’s exceptions of no cause of action and prescription.
AFFIRMED; EXCEPTIONS DENIED

. Hunt Petroleum Corp. v. Texaco, Inc., 34-592 (25th J.D.C. Div.B, Jan. 7, 2004).

. In this appeal, we are dealing only with the portions of the summary judgment that were granted. Accordingly, although the judgment was not designated as final, there is no jurisdictional issue.